# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 7, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | * | UNPUBLISHED |
| SUSAN GRIGOLA, | * | |
| | * | No. 15-1032V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
Adriana Teitel, United States Department of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 16, 2015, Susan Grigola ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of an influenza ("flu") vaccine received on October 4, 2012, she subsequently suffered injuries including rheumatoid arthritis. Petition at 1. Petitioner subsequently passed away from acute myelocytic leukemia. After both parties submitted expert reports regarding causation between petitioner's flu vaccine and her rheumatoid arthritis, my preliminary view was that there was litigative risk on both sides, the possible damages were limited, and an entitlement hearing could not be scheduled for some time. After consulting with petitioner's family, her counsel filed a motion for a dismissal decision, which I issued on May 24, 2017.

On July 19, 2017, petitioner's counsel filed a motion for attorneys' fees and costs. Motion (ECF No. 49). The motion requests $16,001.35 in attorneys' fees and $35,323.30 in attorneys' costs, for a total request of $51,324.65. The motion provides that petitioner has not

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id*. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

incurred any fees or costs related to the litigation of this case. Petitioner's counsel provides that he will reimburse petitioner for any additional litigation costs paid to him by petitioner from the award of attorneys' fees and costs in this case.

On August 7, 2017, respondent filed a response to the motion for attorneys' fees and costs. Respondent's Response (ECF No. 50). Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. Respondent's Response at 2. Respondent "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Respondent's Response at 3 (internal footnote omitted). This matter is now ripe for adjudication.

I find that there was a reasonable basis throughout the pendency of petitioner's claim, and that petitioner's counsel is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). I have reviewed the motion for fees and costs and the supporting documentation. In my experience, the request generally seems reasonable. I find no cause to adjust petitioner's counsel's hourly rates, time expended, or costs.

In accordance with the foregoing, the motion for attorneys' fees and costs is **GRANTED**. Attorneys' fees and costs are awarded as follows:

| | |
|---|---|
| Attorneys' Fees Awarded | $16,001.35 |
| Attorneys' Costs Awarded | $35,323.30 |
| **Total Attorneys' Fees and Costs Awarded** | **$51,324.65** |

Accordingly, I award the following:

1) **A lump sum in the amount of $51,324.65, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner's counsel, Edward M. Kraus of the Law Offices of Chicago-Kent College of Law.**[3]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing their right to seek review.